YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* LEWIS C. EDWARDS.

1. BOARD OF SUPERVISORS.   *Record of deeds.   Abstract books.   Code* 1892, § 301, *laws* 1898, *p.* 59.   *Code* 1892, § 1991*w. Fees of chancery clerks.*

   Under the provisions of code 1892, § 301, amended, laws 1898, p. 59, and code 1892, § 1991*w*, the board of supervisors is authorized to provide an abstract of title to lands in the county and cause it to be kept up to date at all times, and in such case chancery clerks may charge abstract fees.

2. SAME.   *Constitution* 1890, *sec.* 90, *par.* (*o*).

   Said statutes are constitutional.   They do not violate sec. 90, par. (o), prohibiting local legislation creating, increasing or decreasing the fees of officers.

FROM the circuit court of Bolivar county.

HON. FRANK E. LARKIN, Judge.

Edwards, the appellee, was plaintiff, and the railroad company, appellant, was defendant in the court below.   The case

was tried upon an agreed statement of facts, which was as follows:

"1. The defendant filed for record with the plaintiff, who is and was the chancery clerk of Bolivar county, Mississippi, on June 14, 1900, a certain deed.

"2. The said deed was promptly and duly recorded by the plaintiff, as clerk aforesaid, and was abstracted on the abstract books of the county in his office.

"3. Thereupon plaintiff rendered an account against defendant for said service, claiming $13.60 for recording said deed, and $185.70 for abstracting the same, making a total of $199.30 as per the account sued upon.  .

"4. The defendant declined to pay said amount, but promptly tendered plaintiff $13.60, offering to pay same for recording the deed, which tender has been a continuing one.

"5. The plaintiff declined the tender, contending for the $199.30, and sued for the same in this action, the defendant denying liability for the $185.70 charged for abstracting.

"6. The abstract of titles in Bolivar county was and is completed and brought up to date.

"7. That if plaintiff be adjudged entitled to abstract fees then his account is correct."

The court below decided that the defendant was liable for the abstract fees, and gave judgment in plaintiff's favor for the full sum sued for, and the defendant appealed to the supreme court.

*Mayes & Harris*, for appellant.

The claim of appellee is based on § 301 of the code of 1892, as amended by the act of 1898, p. 59, and on § 1991 (*w*) of the code. They do not justify his demand.

1. Section 301 of the code (as amended by the act of 1898) does not authorize the chancery clerk to place in the abstract new deeds handed him for record, especially without any special request. It does not constitute him *ex officio* a county ab-

stractor of titles, and thereby invest him with a wholly new official function. It does not authorize a continuing and progressive abstracting of titles to be done by any one. The provision is only this: that "the board of supervisors may, when in its opinion the interest of the county would be subserved thereby, procure, by purchase, or have made, a complete· abstract of titles to land," etc. The abstract is to be purchased complete, or it is to be made complete (if made) as one job; and, for the time being, at least, that is to be the end of it, and the costs of the purchase, or of the making, are to "be paid out of the county treasury." Such an abstract, ordered and brought down to any given period, might be valuable as a depository of information in respect to old deed books, and might constitute a valuable and useful point of departure; but there is no indication of legislative intent that, when made, it shall be kept up to date by the chancery clerk.

Section 1991, paragraph (*w*), does not furnish such an indication. True, the chancery clerk is therein allowed a fee "for indexing each deed in sectional index and abstracting the same," but it seems to us that there is no warrant for assuming that the phrase, "sectional index," used herein has any reference to the abstract of titles provided for in § 301. We must confess we don't know what is meant by "sectional index." We find no other mention of it in the code. But we can conceive of no reason why, if the legislature meant by it the abstract of titles, that phrase should not have been employed. The "abstracting" to be charged for under that provision is merely the abstracting done in and about the "sectional index"— whatever that index may be—and not in the keeping up of an abstract of titles.

Suppose, however, § 1991 (*w*) does refer to the abstract of titles. Then, still it does not justify the inference that the legislature intended to make the chancery clerk of the county abstracter of titles, etc. It only refers to the provision in § 301, that the board might have such an abstract made, and fixes

the compensation for making it.    But, even then, the abstract, once made, is "complete;" and to say that it must be continued, without further provision, is a *non sequitur*.

2. Even if the act of 1898 (§ 301) does provide for a continued abstracting, it also provides expressly that the costs thereof shall be paid out of the county treasury.    The board is to determine whether the abstract shall be made (and kept up?), and that determination is expressly required to be made with reference to "the interest of the county," and with reference to that interest alone.    When ordered because the interest of the county "would be subserved thereby," then the county pays the costs, and all of the costs—a perfectly logical and just conclusion.    Grant, for argument, that appellee has a right to these fees.    He has simply come to the wrong paymaster.

·3. The statute is unconstitutional, if construed as appellee claims it.    It violates § 90, paragraph (*o*), which forbids the legislature to pass any local law "creating, increasing or decreasing the fees, salary or emoluments of any public officer."

The law would be local, because it does not put the system into general operation throughout the state, but only in counties of the state here and there, and affects one chancery clerk and not another.    In each instance the determination is to be made by the local board, with reference exclusively to the local interest, and in its very face the scheme cannot have a general operation, and a chancery clerk of one county is made county abstracter, with emoluments created as such, while in another he is not.    The legislature could have provided that in all cases the thing should be done, but it did not.    It is a congeries of local arrangements, and not a general scheme, and by it the chancery clerks are invested with one authority in one county and a different authority in another.

Nor is the statute saved because it provides that all boards may determine, for each board determines for its own locality only, and what the legislature could not do it cannot authorize

the board of supervisors to do. There can be no such thing under this law as a general determination.

. *Fontaine Jones,* for appellee.

The only point in controversy is as to the legal effect and constitutionality of paragraph (*w*) of § 1991 of the code of 1892, relating to the fees of the clerks of the chancery courts. It will be noted that paragraphs (*v*) and (*w*) are silent as to who shall pay the fees prescribed, but it is obvious that the party filing the deed for record, and whose title is thereby, under the law, protected from subsequent conveyance by the grantor in such deed, is properly chargeable with all fees incident to the placing of the deed on record, including the fee of fifteen cents per subdivision for abstracting the same upon the sectional index on abstracts of the county. Surely it was never intended by the lawmakers that the counties should bear any part of this expense, otherwise, we should find some provision . to that effect.

It is not my purpose to advance an argument as to the constitutionality of this law. The record shows that appellant admits its liability for the charges made for recording the deed, but how it expects to escape liability for the abstract fees, I am unadvised. If the legislature has the right to fix the clerk's' fees in the one instance, what limitations are there upon the right to do so in the other? The act of March 11, 1884 (laws, p. 98), authorizing the several counties to have made abstracts of titles, provides that the abstract fees shall be paid by the party having the deed recorded. Section 301, of the code of 1892, omits this provision, but provides that such abstract, when made, shall be kept in the office of the chancery clerk as a public record. It is immaterial under which law Bolivar county's abstracts were made. They are in the office of the chancery clerk, and the agreed facts show that ''the abstract of title of Bolivar county was completed and brought up to date at the time this deed was filed for record,'' and it follows

that the party at whose instance the deed is filed, recorded and abstracted must pay the clerk the fees fixed by law.

WHITFIELD, C. J., delivered the opinion of the court.

Careful consideration of § 301 of the code of 1892, as amended by laws of 1898, p. 59, in connection with § 1991 (*w*), makes it clear that the object of the law was to have boards of supervisors provide an abstract of title and then keep it up to date at all times.    It would have been worse than idle to have provided for the purchase or making of such an abstract of title unless the law had provided, at the same time, that it should be regularly kept up to date.    Paragraph (*w*), § 1991, relates exclusively to such abstract of title and its sectional index. The act is clearly constitutional.    There is no merit in any of the contentions of the appellant.

*Judgment affirmed.*